**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **KHALED FEKIH-ROMDHANE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | _____ |
| **ACACIA RESEARCH GROUP, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## I.

## INTRODUCTION

Plaintiff Khaled Fekih-Romdhane files this Original Complaint against Defendant Acacia Research Group, LLC, and respectfully shows as follows.

## II.

## PARTIES

1.      Plaintiff is an individual and a citizen of Denton County, Texas.

2.      Defendant Acacia Research Group, LLC, is a limited liability company organized under the laws of the state of Texas with its principal place of business located at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.  Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's registered agent for service of process, Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, Texas 78744, **or** wherever Defendant may be found.

## III.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

## IV.

## VENUE

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Collin County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Collin County.

5.      Collin County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

## V.

## BACKGROUND FACTS

6.      Plaintiff worked for Defendant from on or around January 5, 2015, until he was wrongfully terminated on or around April 8, 2016.

7.      Plaintiff is a Black Muslim male, originally from Tunisia, who worked as Vice President of Engineering for Defendant's patent licensing business.

8.      According to its website, Defendant functions as "[a]n intermediary in the patent market . . . that facilitates efficiency and delivers monetary rewards to the patents owner."

9.      As Vice President of Engineering, Plaintiff mined patent portfolios, acquired patents, analyzed patents and products to prove infringement, and helped monetize patent portfolios in semiconductor technologies.

10.      Plaintiff was first hired by Chief Executive Officer Matthew Vella.

11.      While he worked under Vella, Plaintiff earned a base salary and was eligible for a 25% of salary bonus per quarter based on performance and contribution.

12.      Plaintiff earned these bonuses for each of the quarters when he was working under Vella for almost all of 2015.

13.      In addition, Plaintiff was eligible for a percentage bonus of patent settlements that he handled.

14.      Vella, among others, indicated this percentage would be between 1.5-2% of the total settlement value.

15.      On or around December 22, 2015, Vella left and was replaced by CEO Marvin Key, a white male.

16.     Since that time, Plaintiff became the subject of extreme hostility from Key and Executive Vice President Marc Booth.

17.     Despite his continued exceptional performance, Plaintiff did not receive any bonuses while he worked under Key.

18.     Upon information and belief, Key was heard making multiple statements in which he referred to Muslims as "terrorists," or words of similar effect.

19.     What is more, upon information and belief, a former Muslim employee complained about Key's discriminatory remarks to Defendant's Human Resources department.

20.     In addition, Key and Booth treated Khaled worse than they treated his white counterparts who often did not even show up to work.

21.     Many of Defendant's senior executives consorted together and excluded Plaintiff and other non-white employees, even those that were vice-president level employees like Plaintiff.

22.     This inner circle frequently acted with outright hostility towards Plaintiff and other ethnic minority employees.

23.     Senior Vice President Eric Lucas, for example, told Plaintiff to "Shut the fuck up" during a licensing trip to Seoul, South Korea.

24.     The inner circle also undermined Plaintiff's authority as a Vice-President, including his duties to supervise his staff.

25.     On or around January 7, 2016, for example, Vice President Charles Raasch began assigning tasks directly to Plaintiff's direct report; Booth was fully aware of this and dismissed Plaintiff's complaints about it.

26.     Booth also on several occasions opposed Plaintiff's promotion to Senior Vice President, which Vella had proposed for Plaintiff's exceptional performance.

27.     On or around April 8, 2016, Booth terminated Plaintiff under the guise of a layoff, telling him he (Plaintiff) had been on Booth's "list for some time," and that "today was the day," or words of similar effect.

28.     Plaintiff was one of the only employees who actually reported to work, which Booth previously acknowledged and joked about during a phone call with Plaintiff.

29.     In terminating Plaintiff, Defendants deprived Plaintiff not only of his base salary, but his performance bonuses and percentage bonuses for settlements that came to fruition necessarily due to Plaintiff's work.

30.     Plaintiff was actually terminated because of his race, color, religion, and national origin.

## VI.

## CONDITIONS PRECEDENT

31.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was duel filed with the Texas Workforce Commission.

32.     The Charge was filed within 180 days after Plaintiff was terminated.

33.     The TWC issued Plaintiff a right to sue letter on or around July 25, 2016.

34.     Plaintiff has timely exhausted all of his administrative remedies.

## VII.

## <u>CAUSES OF ACTION</u>

**A.**      **First Cause of Action—Race Discrimination—Title VII**

35.      Plaintiff incorporates each of the foregoing paragraphs.

36.      Defendants discriminated against Plaintiff because of Plaintiff's race.

37.      Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**B.**      **Second Cause of Action—Wrongful Termination—Race Discrimination—Title VII**

38.      Plaintiff incorporates each of the foregoing paragraphs.

39.      Defendants terminated Plaintiff's employment because of Plaintiff's race.

40.      Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**C.**      **Third Cause of Action—Color Discrimination—Title VII**

41.      Plaintiff incorporates each of the foregoing paragraphs.

42.      Defendants discriminated against Plaintiff because of Plaintiff's color.

43.      Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**D.**      **Fourth Cause of Action—Wrongful Termination—Color Discrimination—Title VII**

44.      Plaintiff incorporates each of the foregoing paragraphs.

45.      Defendants terminated Plaintiff's employment because of Plaintiff's color.

46.      Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**E.**      **Fifth Cause of Action—Religious Discrimination—Title VII**

47.      Plaintiff incorporates each of the foregoing paragraphs.

48.      Defendants discriminated against Plaintiff because of Plaintiff's religion.

49.      Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**F.    Sixth Cause of Action—Wrongful Termination—Religious Discrimination—Title VII**

50.    Plaintiff incorporates each of the foregoing paragraphs.

51.    Defendants terminated Plaintiff's employment because of Plaintiff's religion.

52.    Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**G.    Seventh Cause of Action—National Origin Discrimination—Title VII**

53.    Plaintiff incorporates each of the foregoing paragraphs.

54.    Defendants discriminated against Plaintiff because of Plaintiff's national origin.

55.    Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**H.    Eighth Cause of Action—Wrongful Termination—National Origin Discrimination—Title VII**

56.    Plaintiff incorporates each of the foregoing paragraphs.

57.    Defendants terminated Plaintiff's employment because of Plaintiff's national origin.

58.    Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**I.    Ninth Cause of Action—Discrimination—TCHRA**

59.    Plaintiff incorporates each of the foregoing paragraphs.

60.    Defendants discriminated against Plaintiff because of Plaintiff's race, color, religion, and national origin.

61.    Defendants' actions violated section 21.051 of the Texas Labor Code.

**J.    Tenth Cause of Action—Wrongful Termination—Discrimination—TCHRA**

62.    Plaintiff incorporates each of the foregoing paragraphs.

63.    Defendants terminated Plaintiff's employment because of Plaintiff's race, color, religion, and national origin.

64.    Defendants' actions violated section 21.051 of the Texas Labor Code.

## VIII.

## <u>DAMAGES</u>

65.     Plaintiff incorporates each of the foregoing paragraphs.

66.     Defendant's actions violated 2 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

67.     Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

68.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

69.     Plaintiff seeks all damages available to him under federal law.

70.     Defendant actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

71.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

72.     Plaintiff seeks all damages available to him under the TCHRA.

## IX.

## <u>ATTORNEYS' FEES AND COSTS</u>

73.     Plaintiff incorporates each of the foregoing paragraphs.

74.     Plaintiff retained the services of undersigned counsel to prosecute his claims.

75.     Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendants, including reasonable expert fees and costs.

76.     Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.

## INJUNCTIVE AND DECLARATORY RELIEF

77.     Plaintiff incorporates each of the foregoing paragraphs.

78.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

   a.     Prohibiting Defendant from engaging in unlawful discrimination;

   b.     Reinstating Plaintiff's employment with Defendants with backpay;

   c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

   d.     Paying court costs;

   e.     A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

   f.     Any additional equitable relief as the Court deems proper.

## XI.

## RESPONDEAT SUPERIOR

79.     Plaintiff incorporates each of the foregoing paragraphs.

80.     Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XII.

## <u>JURY DEMAND</u>

81.     Plaintiff demands a trial by jury.

## XIII.

## <u>CONCLUSION AND PRAYER</u>

82.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and

that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A.     Back pay and front pay (including benefits);

B.     Compensatory damages;

C.     Punitive damages;

D.     Injunctive and declaratory relief, including but not limited to, an Order:

a.     Prohibiting Defendant from engaging in unlawful discrimination;

b.     Reinstating Plaintiff's employment with Defendant with backpay;

c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

d.     Paying court costs;

e.     A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

f.     Any additional equitable relief the Court deems proper;

E.     Courts costs;

F.     Pre-judgment and post-judgment interest at the rate set by law; and

G.     All legal or equitable relief this Court deems proper.

Respectfully submitted,


/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas  75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**